[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on April 8, 1992 with a return day of April 21, 1992 and thence to later dates when the parties appeared for a limited contested trial which commenced May 27, 1993.
The Court, having heard the evidence, finds the following:
The wife, DOROTHY BUCKWALTER-BLUM, whose maiden name was DOROTHY BUCKWALTER, was lawfully married to the husband, HAROLD BLUM, on July 22, 1980 at Cornwall, Canada. At least one party has resided continuously in this State twelve months next before the date of the filing of the complaint and all statutory stays have expired. The marriage of the parties has broken down irretrievably. No child has been born to the wife since the date of the marriage.
The wife is 45 years of age. This is her first marriage. She has a college degree and in years past was employed in public relations. She did not bring any significant financial assets to the marriage. She is now self employed in a decorating business which she started around 1987, but claims that due to poor health which she has suffered as a result of prolonged exposure to formaldehyde insulation in the marital home and due to the poor economy, she is unable to generate much income.
The husband is 58 years of age. This is his second marriage, his first marriage having ended in a divorce in 1978. He has been employed continuously by IBM since 1967 and according to his financial affidavit, he currently nets some $46,000.00 per year after deducting for Federal Withholding and FICA Taxes. In addition, he grosses some $5,800.00 from renting a cottage on his property and approximately $1,450.00 in annual dividends. He claims, however, that his days with IBM are numbered as significant employment cuts have taken place in his department and more have been announced. He claims, therefore, that his earning capacity will shortly be significantly decreased. He has been the financial provider during the entire marriage.
The husband entered this marriage with assets including a house (the marital residence), shares of IBM stock, and pension benefits from IBM. At that time, he had been employed by IBM for 13 years.
The wife testified that she devoted full time to renovating the house and that she contributed much expertise and labor to enhance the value of the home. The husband claimed that he also contributed his labor and was responsible for the payment of materials and supplies and CT Page 9558 outside labor to enhance the value of the home. He further claims that the value of the home increased over the years without any requirement of renovation.
The wife claims that the husband must have significant additional assets and the husband claims that the wife has a substantial interest in real estate owned with her brother, neither of which were listed on their respective financial affidavits.
Each party claims that the other is capable of earning sufficient monies to support himself or herself.
The parties, who had separated for almost a year, early in the marriage, testified to a variety of reasons which each claimed caused the breakdown of the marriage. The Court finds that neither party was significantly more at fault than the other.
The Court has reviewed all of the testimony including that of the real estate appraisers of the marital residence and the accountant of the parties. The Court has likewise reviewed all of the exhibits, the financial affidavits of the parties, the briefs of counsel and their proposals for judgment. In addition, the Court has considered all of the criteria set forth in Connecticut General Statutes Sec. 46b-81 (the assignment of property and transfer of title statute), and Sec. 46b-82
(the alimony statute).
Accordingly, the Court orders as follows:
A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown of the marriage.
DIVISION OF ASSETS
Personal Property
The husband shall transfer to the wife, free and clear of any liens, one half of the shares of stock that he owns in IBM.
The tax refund for the year 1991 shall be divided equally by the parties.
The wife shall receive 22% of the husband's pension benefits. A Qualified Domestic Relations Order shall enter giving to the wife said 22% interest therein. CT Page 9559
The husband shall pay to the wife the sum of $20,000.00 for her share in the Tax Deferred Savings Plan accumulated from the earnings of the husband.
Each party shall retain the motor vehicle shown on his or her financial affidavit and each party shall be responsible for that portion of the home equity loan which is attributable to their respective motor vehicles.
With respect to furniture, furnishings and personal possessions, the wife shall retain her furnishings and personal possessions, and any furnishings or possessions belonging to her decorating business. The husband shall retain whatever possessions he had at the time of this marriage. Any other such possessions acquired during the marriage shall be equally divided.
Each party shall retain any other items of personal property which is currently in the name of the respective party.
Real Estate
The wife shall retain, free and clear of any claim of the husband, whatever interest she may have in any property she may own as a result of her own family financial arrangements.
The husband shall retain, free and clear of any claim of the wife, except as hereinafter set forth, the marital residence which he owned prior to the time of this marriage. He shall, however pay to the wife the sum of $25,000.00 to compensate her for her efforts in attempting to increase the value of the real estate, taking into consideration the increase in value of the real estate during the marriage.
The wife shall vacate the family home upon receipt of the lump sum payments as previously set forth. Said lump sum payment shall be accomplished within 90 days from date.
MEDICAL INSURANCE
The husband shall cooperate with the wife to enable her to continue her medical insurance coverage with IBM for the maximum period under COBRA and shall pay one half of the first year's cost thereof. The wife shall be responsible for the remaining insurance costs and for any unreimbursed medical expenses. CT Page 9560
ALIMONY
Neither party shall pay alimony to the other.
ATTORNEY'S FEES
Each party shall be solely responsible for his or her legal fees.
LIABILITIES
Each party shall be responsible for the payment of his or her respective liabilities.
CHANGE OF NAME
The name of the wife shall be changed to DOROTHY BUCKWALTER by which name she shall henceforth be known.
RETENTION OF JURISDICTION
The court retains jurisdiction with regard to the implementation of the Qualified Domestic Relations Order.
MORTON I. RIEFBERG JUDGE OF THE SUPERIOR COURT